UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YURY USSA POLANIA,**

        **Petitioner,**

v.                                  Case No. 6:25-cv-786-CEM-LHP

**KRISTI NOEM, SECRETARY
DEPARTMENT OF HOMELAND
SECURITY, et el.,**

        **Respondents.**
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner Yury Ussa Polania's Emergency Petition for Writ of Habeas Corpus ("Petition," Doc. 1) filed under 28 U.S.C. § 2241 and Motion for Temporary Restraining Order ("Motion for TRO," Doc. 4) and Respondents' Response to the Motion for TRO and Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss," Doc. 8). For the following reasons, the Petition and Motion for TRO will be denied.[1]

### I. BACKGROUND

Petitioner, who is a Colombian citizen in the process of seeking asylum, is detained at the Broward Transitional Center. (Doc. Nos. 1 at 4; 8 at 2). According to

---

[1] Petitioner also filed a Motion to File Exhibits Under Seal (Doc. 16). The documents attached to the motion include personal documents, such as visa and immigration forms, which contain personal identifying information like birth dates, passport numbers, *etc*. *See* Doc. 16-1. The Court, therefore, concludes that these documents should be placed under seal, and the motion will be granted.

Respondents, on May 2, 2025, Petitioner was arrested for allegedly shoplifting at Walmart and booked at the Seminole County Jail in Sanford, Florida on charges related to petty theft. (Doc. 8 at 1-2). On May 3rd, Immigration and Customs Enforcement ("ICE") took Petitioner into custody and then transferred her to the Orange County Jail where she remained from May 4th through 6th. (*Id.* at 2). While at the Orange County Jail, on May 5, 2025, Petitioner filed the Petition, arguing (1) her detention is unlawful because she has a pending asylum proceeding and is not subject to a final order of removal, (2) ICE's planned transfer of her to another state violates her right to pursue her asylum claim, (3) her detention without a bond hearing violates procedural due process, (4) her detention contravenes ICE's policies, (5) her detention and imminent transfer are causing irreparable harm, and (6) she is entitled to injunctive relief to prevent her transfer and secure her release. (Doc. 1). She seeks immediate release or a bond hearing, a temporary restraining order and preliminary injunction prohibiting her transfer out of this district, and an injunction prohibiting her removal until her asylum proceeding has concluded. (Doc. 1 at 19).

After Petitioner filed the Petition, on May 6th, ICE transferred her to Pinellas County Jail and later to Broward Transitional Center, where she remains. (Doc. 8 at 2). On May 9th, Petitioner filed the Motion for TRO requesting the Court to enjoin Respondents from transferring her outside the jurisdiction of the United States District Court for the Middle District of Florida or from removing her before the

resolution of her asylum application, to order her release or a bond hearing, and to prohibit Respondents from impairing her access to counsel, the courts, or her family. (Doc. 4 at 9-10).

On May 14, 2025, the Department of Homeland Security issued Petitioner a Notice to Appear on May 28th on the charge that she is subject to removal under 8 U.S.C. § 1227(a)(1)(B) as she overstayed the time authorized by her nonimmigrant tourist visa. (Doc. 8-1 at 2-4). On May 20th, Respondents filed the Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction and noting that Petitioner is not subject to a final order of removal and is not under imminent threat of being removed. (Doc. 8 at 2, 8).

On June 12, 2025, Petitioner had a bond hearing before an immigration judge. (Doc. 19 at 1). Petitioner was represented by counsel at the hearing, and the immigration judge denied her bond because she did not meet "her burden to establish she is a suitable bail risk." (Doc. 19-1 at 2). Petitioner reserved the right to appeal, and the appeal is due by July 14, 2025. (*Id*. at 3).

## II. APPLICABLE LAW

Section 2241 permits a district court to grant a petition for writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "In a § 2241 habeas corpus case, '[the] petitioner has the burden of establishing his right to federal habeas relief.'" *United States v. Nickson*, 553 F. App'x 866, 869 (11th Cir. 2014) (quoting

*Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006)).

A court's issuance of a temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)). A party seeking a temporary restraining order or preliminary injunction must demonstrate: (1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant, and (4) that the entry of relief would serve the public interest. *See Chavez v. Fla. SP Warden*, 742 F.3d 1267, 1271 (11th Cir. 2014) (citing *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001)).

Dismissal under Rule 12(b)(1) is warranted if a plaintiff fails to demonstrate that the Court has subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The party invoking jurisdiction "bears the burden of demonstrating that the matter falls within the Court's subject-matter jurisdiction." *Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1254 (S.D. Fla. 2022) (citing *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). "[I]nferior federal courts are courts of limited jurisdiction" and may "'hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405,

409 (11th Cir. 1999) (quoting *Taylor*, 30 F.3d at 1367). Federal courts have "an independent obligation to determine whether subject-matter jurisdiction exists." *Alfassi*, 614 F. Supp. 3d at 1254 (citing *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004). A federal court must dismiss an action if it concludes "at any time during the litigation that it lacks subject-matter jurisdiction[.]" *Id.* (citing Fed. R. Civ. P. 12(h)(3)).

### III. DISCUSSION

Petitioner's Petition and Motion for TRO are subject to dismissal for the following reasons. Section 1226 of the Immigration and Nationality Act ("INA") "governs the process of arresting and detaining. . . aliens[2] [deportable under 8 U.S.C. § 1227(a)] pending their removal." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (citing 8 U.S.C. § 1226). Under § 1226(a), "[t]he Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (citing 8 U.S.C. § 1226(a)). Noncitizens detained under § 1226(a) may be held for the duration of the removal proceedings or released on bond or conditional parole. *See* 8 U.S.C. § 1226(a)(1)-(2).

"Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§

---

[2] The terms "noncitizen" and "detainee" will be used interchangeably with the term "alien" throughout this Order.

236.1(d)(1), 1236.1(d)(1)). An ICE officer "makes the initial detention determination for noncitizens subject to detention under section 1226(a)." *Hernandez-Lara v. Lyons*, 10 F. 4th 19, 26 (1st Cir. 2021) (citing 8 C.F.R. § 236.1(c)(8)). If the officer chooses to continue the noncitizen's detention, "the noncitizen can seek review of that decision at a bond hearing before an [immigration judge ("IJ")]." *Id.* (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1003.19(b)-(c) "An IJ's decision to continue detaining a noncitizen may be further appealed to the [Board of Immigration Appeals ("BIA")]." *Id.* (citing 8 C.F.R. § 236.1(d)(3)); *see also* 8 C.F.R. §§ 1003.19(f), 1236.1(d)(3).

As to the Court's jurisdiction "to review an immigration judge's detention decision, Congress has significantly curtailed the ability of detainees to seek judicial review of detention determinations under § 1226(a) and § 1226(c)." *Dorley v. Normand*, No. 5:22-CV-62, 2023 WL 3620760, at *2 (S.D. Ga. Apr. 3, 2023), *report and recommendation adopted*, No. 5:22-CV-62, 2023 WL 3174227 (S.D. Ga. May 1, 2023). With respect to discretionary detention under § 1226(a):

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). "In other words, '§ 1226(e) precludes an alien from 'challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release' in a habeas

proceeding." *Dorley*, 2023 WL 3620760, at *2 (quoting *Jennings*, 583 U.S. at 295).

Likewise, under 8 U.S.C. § 1252(a)(2)(B)(ii), the Court lacks jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." Thus, district courts are precluded from considering "challenges to actual discretionary decisions to detain an alien or to seek removal of the alien or to any discretionary judgment, action, or decision. . . ." *Dorley*, 2023 WL 3620760, at *2. However, the Supreme Court has indicated that federal courts have jurisdiction to consider "challenges [to] the statutory framework that permits [the alien's] detention without bail." *Jennings*, 583 U.S. at 295. Courts, therefore, have recognized that habeas challenges predicated on the continued detention of a petitioner without providing a bond hearing are actionable and may constitute a violation of due process. *See, e.g., Stephens v. Ripa,* No. 22-20110-CIV, 2022 WL 621596, at *2 (S.D. Fla. Mar. 3, 2022) (concluding in habeas action that the continued detention of a petitioner without a bond hearing violated due process).

In addition, "the INA imposes certain administrative exhaustion requirements before a district court has jurisdiction to review an immigration order." *Stephens v. Ripa*, No. 1:22-CV-20110, 2022 WL 1110104, at *4 (S.D. Fla. Feb. 18, 2022), *report and recommendation adopted in part, rejected in part*, No. 22-20110-CIV, 2022 WL

621596 (S.D. Fla. Mar. 3, 2022). "The doctrine of exhaustion of administrative remedies in general provides that a party may not seek judicial relief in the federal courts until he has first sought all possible relief within the agency itself." *Sequeira-Balmaceda v. Reno*, 79 F. Supp. 2d 1378, 1381 (N.D. Ga. 2000) (citing *Guitard v. United States Secretary of Navy*, 967 F.2d 737, 740 (2d Cir. 1992)). An exhaustion requirement "may arise either from explicit statutory language or an administrative scheme that provides for agency relief." *Id.* (citing *Kennedy v. Empire Blue Cross & Blue Shield*, 989 F.2d 588, 592 (2d Cir. 1993)). "If a party fails to exhaust administrative remedies before seeking redress in the federal courts, the Court should dismiss the action because it lacks jurisdiction over the subject matter." *Perez–Perez v. Hanberry*, 781 F.2d 1477, 1478 (11th Cir. 1986); *see also Taweesuk v. U.S. Attorney Gen.,* 809 F. App'x 762, 763 (11th Cir. 2020) ("The petitioner must have previously argued the core issue now on appeal. Further, where the BIA has the power to review a claim and provide a remedy, exhaustion of that claim is required before we can consider it.") (citations and quotations omitted).

Here, Petitioner has been afforded a bond hearing at which she was represented by counsel. Further, Petitioner may appeal the IJ's denial of her request for bond to the BIA. Thus, to the extent Petitioner argues that she is being held without a bond hearing in violation of her procedural due process rights under the Fifth Amendment, this ground is without merit and is moot. Moreover, under § 1226(e), the Court has no jurisdiction to consider any challenge to the Attorney

General's discretionary decision regarding Petitioner's detention.

Likewise, Petitioner's claim that her detention is unlawful because she has a pending asylum proceeding and is not subject to a final order of removal is without merit. Petitioner's "asylum [proceeding] stays [her] actual removal while the application [is] pending, [but] it does not preclude DHS from beginning removal proceedings against [her]." *Bogomazov v. United States Dep't of Homeland Sec.*, No. 1:20-CV-24482, 2022 WL 769801, at *17 (S.D. Fla. Feb. 27, 2022) (citing *Duque Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1259–62 (S.D. Fla. 2020)), *report and recommendation adopted*, No. 20-24482-CIV, 2022 WL 767104 (S.D. Fla. Mar. 14, 2022). Because Petitioner's asylum proceeding stays her removal while it remains pending, assuming the Court had jurisdiction to do so, no reason exists for the Court to enjoin Petitioner's removal pending the resolution of her asylum application. Further, regarding any claim that Petitioner "could not be arrested in connection with the removal proceedings, the Court [has no] . . . jurisdiction to review such claim because . . . the arrest and any action related to it would fall squarely within the provisions of the INA that limit the Court's jurisdiction." *Id*.

As to Petitioner's request for the Court to prohibit Respondents from transferring her out of this district, "[c]laims regarding prison transfers are generally not cognizable under § 2241." *Rathod v. Barr*, No. 1:20-CV-161-P, 2020 WL 1492790, at *2 (W.D. La. Mar. 5, 2020) (denying immigration detainee's request to enjoin ICE from transferring him to another facility), *report and recommendation*

*adopted*, No. 1:20-CV-161-P, 2020 WL 1501891 (W.D. La. Mar. 25, 2020); *see also Greenhill v. Menifee*, 202 F. App'x 799, 800 (5th Cir. 2006) (affirming denial of claim as not cognizable under § 2241 "because prisoners lack a constitutionally protected interest in where they are incarcerated"); *Zapata v. United States*, 264 F. App'x 242, 243-44 (3d Cir. 2008) (district court lacked jurisdiction over a § 2241 petition that challenged a transfer). In addition, Petitioner "does not have a right to be housed in any particular facility, nor does this court have the authority to order the ICE to house [her] in any particular facility." *Id.*; *see also Woldegiorgise v. Immigration & Customs Enf't*, 1:12-CV-02778, 2013 WL 664160, at *2 (W.D. La. Jan. 23, 2013) (denying request to enjoin ICE from transferring detainee because a detainee "does not have a right to be housed in any particular facility, nor does this court have the authority to order the ICE to house [the detainee] in any particular facility"), *report and recommendation adopted*, 2013 WL 672388 (W.D. La. Feb. 22, 2013).

For all these reasons, this action is subject to dismissal. As such, Petitioner has not shown a substantial likelihood of success on the merits or irreparable injury if an injunction is not granted as required for a temporary restraining order or preliminary injunction. Consequently, the Petition and Motion for TRO will be denied, and this action will be dismissed.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion to File Exhibits Under Seal (Doc. 16) is **GRANTED**. The Clerk of Court is directed to place the documents attached to the motion (Doc. 16-1 at 1-23) under seal.

2. Respondents' Motion to Dismiss (Doc. 8) is **GRANTED**. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and **DISMISSED**.

3. Petitioner's Motion for Temporary Restraining Order (Doc. 4) is **DENIED**.

4. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 8, 2025.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Counsel of Record